## THE SCHOONER GOOD CATHARINE

1813.

Feb. 19th.

*v.*

## THE UNITED STATES.

---

*Absent....*LIVINGSTON, J. *and* TODD, J.

THIS was an appeal from the sentence of the Circuit Court for the district of Maryland, which condemned the schooner Good Catharine as a foreign vessel for a violation of the 5th section of the act of January 9th, 1808, supplementary to the embargo act, *vol. 9, p. 13,* which declares " that if any foreign ship or vessel shall " take on board any specie, or any goods, wares or " merchandize, other than the provisions and sea-stores " necessary for the voyage, such ship or vessel, and the " specie and cargo on board, shall be wholly forfeited."

She was originally an American vessel, but had been captured and condemned as prize, and purchased by Hurst, her former master, an American citizen. She took on board goods other than the provisions and sea-stores necessary for the voyage, and cleared out as a Dane.

MARTIN, *for the Appellant,*

Contended that notwithstanding these circumstances, the vessel, being *really* American, could not be condemned under that section of the law; for in criminal cases there can be no estoppel. A man may prove the truth of the case against his own averment.

PINKNEY, *Attorney General,*

Relied upon the capture, condemnation and sale, and the Danish burgher's brief, which the master had obtained, to show that she was a foreign vessel.

The sentence of the Circuit Court was *affirmed.*

---

*Margin note:* A vessel of the United States, captured, condemned, sold, purchased by her former master, a citizen of the U. States, who obtained a Danish burgher's brief, and who cleared out of a port of the United States as a Dane, is a foreign vessel within the 5th section of the act of 9th Jan. 1808, supplementary to the embargo act, although she was really owned by a citizen of the United States.